IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YER YANG,<br><br>　　　　　　　Petitioner,<br><br>　　vs.<br><br>MATTHEW CATE,[1] Secretary, California Department of Corrections and Rehabilitation,<br><br>　　　　　　　Respondent. | No. 2:10-cv-01943-JKS<br><br>MEMORANDUM DECISION |

　　　　Yer Yang, a state-parolee appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Yang is currently in the custody of the California Department of Corrections and Rehabilitation, in parole status. Respondent has answered. Yang has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

　　　　Following a jury trial, Yang was convicted in April 2008 of possession of controlled substances (opium and methamphetamine) for sale while personally armed with a firearm, Cal. Health & Safety Code §§ 11351, 11378; Cal. Penal Code § 12022(c), and child endangerment, Cal. Health & Safety Code § 273a(a). The trial Court sentenced Yang to prison for five years for the possession of opium for sale, concurrent terms of four years and four months for the possession of methamphetamine for sale, and four years for child endangerment. The California Court of Appeal, Third District, affirmed Yang's conviction and sentence in an unpublished

---

[1] Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, is substituted for G. Mitchell, Warden, Valley State Prison for Women, Chowchilla, California. Fed. R. Civ. P. 25(b).

decision,[2] and the California Supreme Court denied review on September 23, 2009. Yang timely filed her Petition for relief in this Court on July 17, 2010.

The facts underlying Yang's conviction are well known to the parties, set forth in detail in the decision of the California Court of Appeal, and are not necessary to an understanding of this decision. Therefore, those facts are not repeated here.

## II. GROUNDS RAISED/DEFENSES

In her petition, Yang raises two grounds: (1) the evidence seized was the product of an unlawful warrantless search; and (2) prosecutorial misconduct. Respondent does not assert any affirmative defense.[3]

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the

---

[2] *People v. Yang*, No. C05879, 2009 WL 2874523 (Cal. Ct. App. Sep. 9. 2009). Yang and her husband Ge Yang were tried in a single trial and their convictions were affirmed on appeal in a single decision.

[3] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

[4] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

time of the relevant state-court decision."[5] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[6] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[7] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."[8] The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply believing that the state-court determination was incorrect.[9] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[10] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial

---

[5] *Williams*, 529 U.S. at 412 (alteration added).

[6] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[7] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[8] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[9] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[10] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

and injurious effect or influence in determining the outcome.[11]  Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[12]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244).  *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.*  Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[13]

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[14]  State appellate court decisions that summarily affirm a lower court's opinion without

---

[11] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[12] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[13] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[14] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . .").

explanation are presumed to have adopted the reasoning of the lower court.[15]  This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[16]

IV.  DISCUSSION

**A.  Inadequacy of Petition**

In her Petition Yang simply states her grounds without providing any factual support. This is inadequate.  The petition must specify all the grounds for relief available to the petitioner and the facts supporting each ground.[17]  As the Supreme Court has stated:

> Habeas Corpus Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See also Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)).  Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface:
>> "**CAUTION**:  **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**"  Petition for Relief

---

[15] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[16] *Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[17] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 2(c) (2011).

>From a Conviction or Sentence By a Person in State Custody, Habeas
>Corpus Rules, Forms App., 28 U.S.C., P. 685 (2000 ed., Supp. V)
>(emphasis in original).
>A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with
>particularity is to assist the district court in determining whether the State should be
>ordered to "show cause why the writ should not be granted." § 2243. Under Habeas
>Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not
>entitled to relief in the district court," the court must summarily dismiss the petition
>without ordering a responsive pleading. If the court orders the State to file an
>answer, that pleading must "address the allegations in the petition." Rule 5(b).[18]

The deficiencies in her Petition notwithstanding, because the factual bases for her claims were recited in the decision of the California Court of Appeal and considered by it, this Court will rely on the same facts as recited by the California Court of Appeal in deciding Yang's Petition.

**B.    Merits**

Ground 1: Warrantless Search

The trial court denied Yang's motion to suppress all evidence of a warrantless search. Yang contends that the trial court erred. The California Court of Appeal rejected Yang's arguments, holding that the trial court should have denied the motion as untimely and, in any event, did not err on the merits.[19]

Yang's argument is foreclosed by the Supreme Court's decision in *Stone*.[20] Under the holding in *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief will not lie for a claim that evidence

---

[18] *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).

[19] *People v. Yang*, No. C05879, 2009 WL 2874523, at *4-8 (Cal. Ct. App. Sep. 9. 2009).

[20] *Stone v. Powell*, 428 U.S. 465 (1976).

6

recovered through an illegal search or seizure was introduced at trial.[21] The Ninth Circuit has made it clear that all *Stone* requires is that the State provide a state prisoner a fair and full opportunity to litigate his or her Fourth Amendment claim.[22] "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided."[23] In this case, Yang was provided a fair and full opportunity to present her claims. She raised the issue in a pretrial motion, the trial judge held a hearing on the issue at which time Yang was allowed to present evidence and examine witnesses, and the trial court made a factual finding. Yang is not entitled to relief under her first ground.[24]

Ground 2: Prosecutorial Misconduct

The California Court of Appeals stated:

> IV. *Claim of Prosecutorial Misconduct*
> Defendants contend they were denied due process and a fair trial under the Fifth and Fourteenth Amendments of the United States Constitution when the prosecutor in closing argument, over defense objection, committed misconduct by shifting the burden of proof to defendants to prove their innocence and improperly commenting on the fact that the defense did not call witnesses to corroborate their defense. We disagree.
> A. *Background*
> During cross-examination by Ge's attorney, Officer Ellis testified that pipes for smoking were found in Ge's garage but were not seized because it was not clear they had been used to smoke illegal drugs. In direct examination, Detective Vang described the type of pipe typically used to smoke opium but indicated other types could also be used for that purpose.
> In closing argument to the jury, the prosecutor said that, while the officers found pipes in Ge's garage, there was no evidence that Ge Yang had an opium pipe like the one described by the detective.

---

[21] *Id.* at 482.

[22] *See Moormann v. Schiro*, 426 F.3d 1044, 1053 (9th Cir. 2005).

[23] *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

[24] *Moormann*, 426 F.3d at 1053.

Yer Yang's counsel disagreed in closing argument, recalling "there was testimony that there was an opium pipe there." Ge's counsel in closing argument found it "real interesting" that "there w[ere] pipes and they weren't collected. I think that's interesting because pipes kind of indicate personal use. And the People aren't prosecuting a personal use case here; they're prosecuting a sales case. So it's kind of interesting that they didn't collect the pipes. Because it really wouldn't strengthen their case for personal use [*sic* ]; it would actually kind of take away from it a little bit. But, the officer, I don't know if he testified these were brand-new pipes, clean, never been used. I don't think he said that. But he sure didn't collect them. Because it helps us if he would have collected them."

In rebuttal argument, the prosecutor agreed it was her burden to prove each element beyond a reasonable doubt and defendant was not required to put on any case, but "[t]hey [defendants] decided to put on a case. And so you have to evaluate the strength of the case that they put on. [¶] It was brought up that there were pipes in the house that the police didn't book and that's because it would have helped our case [*sic* ]. [¶] Well, if the defense was going to bring witnesses in, wouldn't it be a logical witness to bring those pipes [*sic* ] to say this is evidence that the officers overlooked; this is evidence of pipes that are being used for smoking opium; they are 100 percent illegal pipes."

The trial court overruled defense objections.

The prosecutor continued: "Logical witnesses. The defense also argued about there was speculation that there w[ere] other people in the house who made money. [¶] The only testimony we had is from Xue. Xue testified, and we can go back and look in the record, that she makes $25,000 a year. There's no other evidence of who else works in the household. Vue came, but he said at that time he was not working at all. So wouldn't the logical person be to call [*sic* ] the witness, a logical witness, someone—[¶] . . . [¶] . . . who is in the house . . . ."

The trial court overruled a defense objection, and the prosecutor continued that it would be logical to call as a witness any person who was contributing money to the household.[25]

The California Court of Appeals also rejected Yang's arguments, explaining:

B. *Analysis*

"A prosecutor's misconduct violates the Fourteenth Amendment to the federal Constitution when it 'infects the trial with such unfairness as to make the conviction a denial of due process.' [Citations.] In other words, the misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.' [Citation.] A prosecutor's misconduct 'that does not render a criminal trial fundamentally unfair' violates California law 'only if it involves "'the use of

---

[25] *People v. Yang*, No. C05879, 2009 WL 2874523, at *15-16 (Cal. Ct. App. Sep. 9. 2009).

8

deceptive or reprehensible methods to attempt to persuade either the court or the jury.'"' [Citations.]" (*People v. Harrison* (2005) 35 Cal.4th 208, 242.)

Defendants fail to show any deceptive or reprehensible methods in this case.

Contrary to the defense contention, the prosecutor did not improperly shift the burden of proof to defendants. The prosecutor did nothing more than make fair response to defendants' arguments and comment on defendants' failure to introduce material evidence or call logical witnesses as part of the defense case they presented. (*People v. Wash* (1993) 6 Cal.4th 215, 262-263 [prosecutor may comment on defendant's failure to introduce material evidence or to call logical witnesses].) "[A] prosecutor may argue to a jury that a defendant has not brought forth evidence to corroborate an essential part of his defensive story." (*People v. Varona* (1983) 143 Cal.App.3d 566, 570.)

Since we conclude there was no prosecutorial misconduct, we need not reach the question of prejudice. We nevertheless observe that we see no possible prejudice, under any standard, based on the pipe issue, because the fact that Ge Yang used pipes to smoke opium is not inconsistent with his also selling opium. This is a matter of common sense, plus Detective Vang testified a drug dealer can also be drug user.

There was no prosecutorial misconduct.[26]

It is well established that the privilege against self-incrimination prohibits a prosecutor from commenting on a defendant's failure to testify.[27]

However, a prosecutor may properly comment upon a defendant's failure to present witnesses so long as it is not phrased to call attention to defendant's own failure to testify. The test is whether the comment is manifestly intended to call attention to the defendant's failure to testify, and is . . . of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify. In addition [a] comment on the failure of the *defense* as opposed to the *defendant* to counter or explain the testimony presented or evidence introduced is not an infringement of the defendant's Fifth Amendment privilege.[28]

---

[26] *Id.* at *16.

[27] *Griffin v. California*, 380 U.S. 609, 615 (1965).

[28] *United States v. Castillo*, 866 F.2d 1071, 1083 (9th Cir. 1988) (internal quotation marks and citations omitted); *United States v. McChristian*, 47 F.3d 1499, 1507 (9th Cir. 1995); *United States v. Lopez*, 970 F.2d 583, 595-96 (9th Cir. 1992).

The prosecutor's remarks in this case clearly fell within the category of the failure of the defense, not a failure of the Yang to testify. That a prosecutor's remarks were made in response to defense counsel's arguments, as an "invited reply," as in this case, may also justify the remarks.[29]

For the foregoing reasons this Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[30]  Yang is not entitled to relief under her second ground.

---

[29] *United States v. Young*, 470 U.S. 1, 12-13 (1985).

[30] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

V.  CONCLUSION AND ORDER

Yang is not entitled to relief on any ground raised in her Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[31]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[32]

The Clerk of the Court is to enter judgment accordingly.

Dated: March 13, 2012.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[31] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[32] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

11